UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
OCT 15 2013

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GRACI FINKLE and PHILIP FINKLE, | \* | CIV 13-4019 |
| | \* | |
| Plaintiffs, | \* | |
| vs. | \* | MEMORANDUM OPINION |
| | \* | AND ORDER RE: MOTION |
| REGENCY CSP VENTURES LIMITED | \* | FOR CHANGE OF VENUE |
| PARTNERSHIP; and REGENCY INNS | \* | |
| MANAGEMENT INC., d/b/a Buffalo | \* | |
| Jeep Safari, | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs, Graci Finkle and Philip Finkle, residents of the state of South Carolina, brought this diversity negligence action based on an August 6, 2012 accident on Wildlife Loop Road in Custer State Park, Custer County, South Dakota. Philip Finkle was operating a 1996 Harley-Davidson motorcycle and Graci Finkle was his passenger when Philip Finkle had to attempt to avoid running into a jeep tour vehicle, owned and operated by Defendants, which vehicle was stopped on the road. Defendants have alleged contributory negligence, assumption of the risk, fault of others, and have alleged a counterclaim against Philip Finkle. Pending before this Court is Defendants' change of venue motion (Doc. 25), requesting to transfer this case to the Western Division of the District of South Dakota. Plaintiffs are resisting this motion and the matter has been fully briefed.

## DISCUSSION

Defendants brought this motion under 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In addition, 28 U.S.C. § 1404(b) provides in relevant part: "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of

1

a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district."

Under 28 U.S.C. § 1404(a), a heavy burden rests with the movant to demonstrate that a case should be transferred, and the movant must demonstrate that the relevant factors weigh strongly in his or her favor. *Austin v. Nestle USA, Inc.*, 677 F.Supp.2d 1134, 1137 (D. Minn. 2009). The burden is not as heavy, however, when a movant requests an intradistrict transfer pursuant to 28 U.S.C. § 1404(b). These transfers are subject to the same analysis as under 28 U.S.C. § 1404(a), but a less rigorous standard is utilized. *See Archambault v. United States*, 2012 WL 6569343 at *2 (D.S.D. Dec. 17, 2012). The Eighth Circuit has noted three factors courts must consider in deciding whether to transfer a case: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir.1997). A district court ruling on a motion to transfer must also conduct "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* Many of the interests of justice considerations, such as conflict of law issues, are not material to an intradistrict transfer.

The convenience of witnesses is "[p]robably the most important factor" to be considered on a motion for change of venue. *See* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3851 at 264 (1976). The convenience of witnesses who are employees of a corporate party is still considered but is less significant than that of non-party witnesses. *Dakota Truck Underwriters v. Annett Holdings, Inc.*, 2006 WL 3391107 at *2 (D.S.D. Nov. 22, 2006). " In general, federal courts give considerable deference to a plaintiff's choice of forum ... ." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d at 695. The general presumption in favor of a plaintiff's choice of forum, is afforded significantly less deference, however, when the plaintiffs do not reside in the selected forum, or the transaction or underlying facts did not occur in the chosen forum. *Nelson v. Soo Line R.R. Co.*, 58 F.Supp.2d 1023, 1027 (D. Minn. 1999).

Defendants contend that because the accident at issue occurred near Custer, South Dakota, and because this case has no substantial relationship to the Southern Division of the District of South Dakota, a change of venue to the Western Division is appropriate. They point out that both Plaintiffs

2

live outside of South Dakota and will have to travel to South Dakota regardless of in which division the case is venued. Although Defendants concede that their principal places of business are both in Sioux Falls, they point out that the business activities of Regency CSP Ventures Limited Partnership primarily take place in Custer. They emphasize that the jeep tour for which the employee of Regency was working at the time of the accident in this case is operated out of Custer State Park, which is located in the Western Division. The Defendants further emphasize that the only Regency employee with first-hand knowledge of the accident resides in the Western Division. Defendants contend that many of the fact witnesses are state employees in Custer State Park and may of the medical personnel witnesses would work in the Western Division. In addition, Defendants point out that Trooper Shann Barrick from the South Dakota Highway Patrol, who investigated the accident, is from Custer County. In addition, Defendants maintain that the out-of-state nonparty witnesses are outside the court's subpoena power.

Plaintiffs contend that the key witnesses in this case are those that were involved in the collision and witnessed the same, and that the driver of the Jeep is the only key witness that resides in the Western Division of South Dakota. Plaintiffs contend the other witnesses referenced by Defendants have only second-hand information. Plaintiffs assert that Defendants' human resources director, who is in charge of safety resides in the Southern Division. The passengers in the Jeep are from Minnesota and the other witnesses to the accident are from Virginia and Missouri. Plaintiffs also point out they have continued the medical treatment of their injuries in South Carolina and that the surgeon who performed an emergency double fusion on Plaintiff Graci Finkle's neck has moved out of South Dakota.

It is unclear from the record how many, if any, of the witnesses outside the court's subpoena power will appear voluntarily. Because this is an intradistrict request for transfer, the difference in distance from one location to the other is not extraordinary. Defendants' arguments that the Western Division is more conducive to a jury viewing and that "a jury selected from the Southern Division is less likely to be familiar with the nature and customs of this particular stretch of road" where the accident occurred are not persuasive to the Court. Jury viewings are highly discretionary with the trial court and often disallowed because they are inconvenient, time-consuming and cumulative of photographic evidence and trial testimony. *See United States v. Scroggins*, 648 F.3d 873, 874-875

3

(8th Cir. 2011). In addition, members of a jury should consider only the evidence presented at trial, and not rely on their perceived familiarity with the location of the accident. After considering all of the relevant factors and the arguments of the parties, the Court has determined that under the facts of this case, the Plaintiffs' choice of forum should not be altered. Accordingly,

IT IS ORDERED that Defendants' Motion for Change of Venue (Doc. 25) is denied.

Dated this 15th day of October, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL) DEPUTY

4