

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUN 18 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| GRACI FINKLE and PHILIP FINKLE, | * | CIV 13-4019 |
| Plaintiffs, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT |
| REGENCY CSP VENTURES LIMITED PARTNERSHIP; and U.S. HOTEL AND RESORT MANAGEMENT INC., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiffs, Graci Finkle and Philip Finkle, brought this diversity negligence action based on an August 6, 2012 jeep and motorcycle accident on Wildlife Loop Road in Custer State Park, Custer County, South Dakota. The Amended Complaint alleges Defendants as employers of the allegedly negligent jeep driver are liable under respondeat superior and for "negligent supervision and training in that Defendants negligently managed, directed, trained or oversaw its employees." Doc. 20. Defendants have moved for partial summary judgment on Plaintiffs' claim based on negligent supervision and training. Doc. 38. Plaintiffs are resisting this motion and the matter has been fully briefed.

## DISCUSSION

*Principles of Summary Judgment*

Summary judgment shall be entered for a claim if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine dispute as to any material fact and its entitlement to judgment as a matter of law. FED. R. CIV. P. 56(a); *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

*Factual Background*

Plaintiffs Graci Finkle and Philip Finkle are residents of South Carolina. On August 6, 2012, Plaintiff Philip Finkle was operating and Plaintiff Graci Finkle was riding as a passenger on a 1996 Harley-Davidson Motorcycle traveling southbound on Wildlife Loop Road in Custer State Park, Custer County, South Dakota. Plaintiffs allege they sustained injuries when Philip laid down his motorcycle to avoid colliding with a Jeep driven by Kathleen Funk. Plaintiff Philip Finkle testified at his deposition that at the time of the accident the Jeep was just over the crest of a hill on the downhill slope, and that all four tires of the Jeep were on the pavement in the middle of Phillip Finkle's lane. Phillip Finkle learned after the accident that there were buffalo around the area where the accident happened.

At the time of the accident Funk, an employee of Defendant Regency CSP Ventures Limited Partnerships, was operating a Jeep tour vehicle on Wildlife Loop Road. Defendants concede that Funk was acting within the course and scope of her employment. Funk is employed by Regency CSP as the manager of the "Buffalo Safari Jeep Rides" in Custer State Park, and has been the manager of the tour since 2003. Funk has been driving Jeeps as a tour guide in Custer State Park since 1992. Funk did not hire drivers but was given a crew of drivers to manage. New drivers were trained by veteran drivers such as Funk. All drivers employed by Regency CSP had valid driver's licenses and were presumed to know the rules of the road. Regency CSP obtained motor vehicle history reports of each driver, including Funk, prior to employing the driver, and all drivers were required to have a "clean driving record." Defendants did not provide separate training for their drivers regarding the rules of the road.

I.
WHETHER PLAINTIFFS' NEGLIGENT SUPERVISION AND TRAINING CLAIM IS REDUNDANT AND UNNECESSARY ENTITLING DEFENDANTS TO SUMMARY JUDGMENT ON THIS CLAIM WHEN DEFENDANTS HAVE CONCEDED THAT FUNK, THEIR EMPLOYEE, WAS ACTING WITHIN THE COURSE AND SCOPE OF HER EMPLOYMENT?

Defendants maintain that a negligent supervision or training claim is typically brought by a plaintiff where the employee's conduct falls outside the employee's scope of employment, and that

in those cases, a plaintiff has to establish an independent theory of recovery against the employer and not rely on respondeat superior to establish vicarious liability. Defendants further maintain that since they concede Funk, an employee, was acting within the course and scope of her employment on August 6, 2012, Plaintiffs' negligent supervision and training claim is redundant and unnecessary. Defendants further maintain that there is insufficient evidence to support a negligent training and supervision claim. Defendants also point out that in the three major South Dakota Supreme Court cases addressing whether an employer owes a duty to supervise or train its employee to an injured third person,[1] the employee's conduct was intentional, not merely negligent. Plaintiffs respond that since Defendants allege contributory negligence, Plaintiffs must be allowed to present any and all evidence of Defendants' negligence so that the jury can properly compare the two. Plaintiffs offer that if Defendants were to abandon their claim of contributory negligence, and drop the third party complaint against Philip Finkle, Plaintiffs would agree to dismiss their claim for negligent supervision and negligent training.

In a diversity action, state substantive law applies. *See Lamar Advertising of S.D., Inc. v. Kay*, 267 F.R.D. 568, 574 (D.S.D. 2010) (determining existence and scope of the attorney-client privilege). This case presents the question of whether a plaintiff may proceed on a negligent training and supervision claim when the employer has admitted that the employee was acting within the course and scope of her employment at the time of the accident. In a case such as this where there is neither a controlling state statute nor a decision of the highest court of the state directly on point, this Court may apply any rule it believes the South Dakota Supreme Court would adopt. *See American Family Ins. Group v. Howe*, 584 F.Supp. 369, 380 (D.S.D. 1984). If the precise issue has not been addressed by the state's highest court, this Court "must determine its probable decision on the issue by reference to its analogous case law, relevant decisions of the state's lower courts, and other potentially elucidating state law materials." *Eichenwald v. Small*, 321 F.3d 733, 736 (8th Cir. 2003).

"Generally, the law imposes no duty to prevent the misconduct of a third person." *Walther v. KPKA Meadowlands Ltd. P'ship*, 581 N.W.2d 527, 531 (S.D. 1998). The South Dakota Supreme

---

[1] *See Iverson v. NPC Intern., Inc.*, 801 N.W.2d 275 (S.D. 2011); *McGuire v. Curry*, 766 N.W.2d 501 (S.D. 2009); *Kirlin v. Halverson*, 758 N.W.2d 436 (S.D. 2008).

Court, however, has "acknowledged that employers can be held responsible for the negligent acts of their employees under a respondeat superior theory, and that negligent hiring and supervision of an employee may also give rise to liability." *See Rehm v. Lenz*, 547 N.W.2d 560, 566 (S.D. 1996). The South Dakota Supreme Court has also held an employer may be liable for the acts of its employee under a respondeat superior claim and a negligent supervision claim, when the respondeat superior liability was based on Restatement (Second) of Agency §245, which is a special rule which applies when a servant intentionally uses force against another person. *Kirlin v. Halverson*, 758 N.W.2d 436, 446 (S.D. 2008).

Defendants contend that the majority of states that have addressed the issue have held that a plaintiff cannot pursue a claim against an employer for negligent entrustment, hiring, supervision, or training when the employer admits that its employee was acting within the scope of employment when the accident that is the subject of the lawsuit occurred. *See Peterson v. Johnson*, No. 11-CV-804, 2013 WL 5408532, at *1 (D.Utah Sept. 25, 2013) (citing *Coville v. Ryder Truck Rental, Inc.*, 30 A.D.3d 744, 817 N.Y.S.2d 179 (N.Y.App.Div. 2006)); *Brown v. Tethys Bioscience, Inc.*, 10-CV-1245, 2012 WL 4606386, at *6 (S.D.W.Va. Oct.1, 2012) (citing *Niece v. Elmview Grp. Home*, 929 P.2d 420 (Wash.1997)); *Davis v. Macey*, 901 F.Supp.2d 1107, 1111 (N.D.Ind.2012) (citing *Tindall v. Enderle*, 162 Ind.App. 524, 320 N.E.2d 764, 767 (1974)); *Brown v. Larabee*, 04-CV-1025, 2005 WL 1719908, at *1 (W.D.Mo. July 25, 2005) (citing *McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. 1995) (en banc)); *Gant v. L.U. Transport, Inc.*, 331 Ill.App.3d 924, 927, 264 Ill.Dec. 459, 770 N.E.2d 1155 (Ill.App.Ct. 2002); *Wise v. Fiberglass Systems, Inc.*, 110 Idaho 740, 718 P.2d 1178 (1986)); *see also Adele v. Dunn*, No. 12-CV-597, 2013 WL 1314944, at *1-*2 (D.Nev. Mar.27, 2013) (predicting Nevada courts would follow majority rule); *see generally*, Richard Mincer, *The Viability of Direct Negligence Claims Against Motor Carriers in the Face of Admission of Respondeat Superior*, 10 Wyo. L.Rev. 229 (2010). "The rationale [for these holdings] is that the employer's liability is a derivative claim fixed by a determination of the employee's negligence. Therefore, courts following the majority rule have determined that evidence of negligent hiring, training, supervision or retention becomes unnecessary, irrelevant, and prejudicial if the employer has already admitted vicarious liability under respondeat superior." *Zibolis-Sekella v. Ruehrwein*, No. 12-CV-228, 2013 WL 3208573, at *2 (D.N.H. June 24, 2013) (citations, internal citations, and

internal quotations omitted).

Some courts have followed the majority rule prohibiting an action for negligent entrustment, hiring, supervision, or training when the employer admits that its employee was acting within the scope of employment while recognizing an exception to the rule when a plaintiff has a valid claim for punitive damages. *See, e,g,, Sterner v. Titus Transp., LP*, CV-10-2027, 2013 WL 6506591 at *3 (M.D.Pa. Dec. 12, 2013); *Perry v. Stevens Transp., Inc.*, No. 11-CV-0048, 2012 WL 2805026 at *6 (E.D.Ark. July 12, 2012). Other courts have recognized the majority rule unless the evidence establishes that the reasons for the employer's negligent hiring, training, and supervision were proximate causes of the accident. *See Zibolis–Sekella v. Ruehrwein*, No. 12–CV–228, 2013 WL 3208573, at *3 (D.N.H. June 24, 2013).

A minority of jurisdictions have held that an admission by an employer that its employee was acting within the scope of her employment does not preclude an action for both respondeat superior and negligent entrustment, training, hiring, retention, or supervision. *See Fairshter v. American Nat'l Red Cross*, 322 F.Supp.2d 646, 653-654 (E.D.Va. 2004); *Quinonez on Behalf of Quinonez v. Andersen*, 144 Ariz. 193, 696 P.2d 1342 (1984); *Lim v. Interstate System Steel Div., Inc.*, 435 N.W.2d 830 (Minn.App.1989); *Clark v. Stewart*, 126 Ohio St. 263, 185 N.E. 71 (1933). These jurisdictions view these torts as being distinct from respondeat superior and do not allow claim of agency to preclude a separate tort claim. *See Marquis v. State Farm Fire and Casualty Co.*, 265 Kan. 317, 961 P.2d 1213, 1225 (1998). The minority view "cases rest on the proposition that negligent entrustment and negligent hiring, retention, or supervision are torts distinct from respondeat superior and that liability is not imputed but instead runs directly from the employer to the person injured." *Marquis v. State Farm Fire and Cas. Co.*, 265 Kan. 317, 334, 961 P.2d 1213, 1225 (1998).

This Court finds the minority rule to be better reasoned. In addition, the South Dakota Supreme Court has previously allowed a case to proceed presenting both respondeat superior and negligent retention and supervision claims. *See Kirlin v. Halverson*, 758 N.W.2d 436 (S.D. 2008). This Court holds that it is probable that the South Dakota Supreme Court would hold that an admission that the employee was acting within the scope of his or her employment does not preclude an action for both respondeat superior and negligent training or supervision.

5

II.

## IS THERE SUFFICIENT EVIDENCE IN SUPPORT OF THE CLAIMS OF NEGLIGENT TRAINING AND SUPERVISION TO WITHSTAND A MOTION FOR SUMMARY JUDGMENT?

"A negligent training claim suggests that the manner or circumstances of the employee's training by the employer inadequately or defectively coached, educated, or prepared its employees for the performance of their job duties." *Kirlin v. Halverson*, 758 N.W.2d at 452. A "negligent supervision claim alleges that the employer inadequately or defectively managed, directed or oversaw its employees." *Id.* To prevail in a suit based on negligence, a plaintiff must prove duty, breach of that duty, proximate and factual causation, and actual injury. *Hewitt v. Felderman*, 841 N.W.2d 258, 263 (S.D. 2013).

Plaintiffs argue that Defendants knew its employees would make frequent stops along the wildlife loop road in order to view wildlife but failed to instructed them to not stop on the roadway, and failed to instruct them to utilize the pullouts, or pull off the road when viewing the wildlife. Plaintiffs argue that based on this failure to instruct, a jury must determine whether Defendants were negligent in failing to train and supervise their employees. Plaintiffs provided deposition testimony from representatives of Defendants conceding that reminders of critical safety procedures, where to park a jeep, and the value of utilizing pull-outs on the road are a good idea, although none of the reminders of these safety procedures had been stated to or handed out to their employees. Plaintiffs, however, have admitted that Funk, who has been manager of the Buffalo Safari Jeep Rides since 2003, has been driving Jeeps as a tour guide in Custer State Park since 1992. Plaintiffs have also conceded that all the jeep drivers, including Funk, were required to have a valid driver's license and a clean driving record.

As one court has observed, if bare allegations of a causal connection between a perceived deficiency in training and an accident were sufficient to support a negligent training claim, "such a claim would exist against an employer every time an employee was driving and a passenger was injured." *Glover v. TransCor America, Inc.*, 57 F.Supp.2d 1240, 1245 (D.Wyo. 1999). This Court does not disagree with that general proposition. However, turning to the facts of the present case, another situation is presented. The wildlife to be viewed on a vehicle ride through the park are often

not conveniently at one of the 53 turnouts that are in this large park. As a result, the vehicles taking customers on scenic wildlife tours in the park are going to be stopping and lingering at locations other than the turnouts. That sort of driving is out of the ordinary as compared to ordinary driving from point A to point B without multiple stops for viewing. Considering this evidence in a light most favorable to the non-moving parties, there is a submissible issue to be presented to the jury on whether the failure to train for this type of driving was negligence on the part of the Defendants. The Court had thought at the pretrial and motion hearing that supervision was not at issue, but upon further reflection, the Defendants were surely aware of the practice on wildlife tours of stopping where the wild animals were available for viewing, even if that stopping was not at one of the designated turnouts. Accordingly, the jury will be instructed on the duty to supervise and train.

An issue arose at the hearing of the application of comparative negligence to this situation where there is the claimed negligence of Philip Finkle compared to the negligence of the Defendants. Plaintiffs claim that the negligence of Defendants as to supervision and training should be a part of the evidence that is compared along with Defendants' driver negligence to Philip Finkle's negligence. The Court believes that all the negligence of the parties should be compared for comparative negligence purposes. *See Wood v. City of Crooks*, 559 N.W.2d 558 (S.D. 1997). If any party thinks otherwise, please provide the Court with your arguments and authorities within 20 days from the date of this Order. Accordingly,

> **IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment on Plaintiffs' claim based on negligent supervision and training (Doc. 38) is denied.

Dated this 18th day of June, 2014.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Jennifer Stevens*
(SEAL) DEPUTY

7