FILED
OCT 17 2014

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GRACI FINKLE and PHILIP FINKLE, | \* | CIV 13-4019 |
| | \* | |
| Plaintiffs, | \* | |
| vs. | \* | MEMORANDUM OPINION |
| | \* | AND ORDER RE: MOTION |
| REGENCY CSP VENTURES LIMITED | \* | FOR RULING ON PROPER |
| PARTNERSHIP; and U.S. HOTEL AND | \* | APPLICATION OF COMPARATIVE |
| RESORT MANAGEMENT INC., | \* | NEGLIGENCE |
| | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendants' Motion for Ruling on Proper Application of Comparative Negligence. Doc. 72. This Court has already held that it is probable that the South Dakota Supreme Court would hold that an admission that an employee was acting within the scope of his or her employment does not preclude an action for both respondeat superior and negligent training or supervision and is allowing Plaintiffs to proceed on causes of action for respondeat superior and negligent training or supervision. Doc. 71.

## DISCUSSION

Defendants contend that the jury should compare Philip Finkle's alleged negligence solely to Kathleen Funk's alleged negligence when applying the comparative fault analysis at trial. Defendants maintain that it is unfair to assess an employer's fault a second time for the same occurrence.

Plaintiffs rely on *Wood v. City of Cooks*, 559 N.W.2d 558 (S.D. 1997), for the rule that "[t]o determine whether a plaintiff's negligence is more than slight, the test is to compare it with the negligence of all defendants." *Id.* at ¶ 4 (citing Henry Woods & Beth Deere, Comparative Fault § 13:1 (3d ed. 1996) (collecting cases and noting that 31 states now follow the majority view that plaintiff's negligence is compared against the combined negligence of all defendants)).

1

In a diversity action, state substantive law applies. *See Lamar Advertising of S.D., Inc. v. Kay*, 267 F.R.D. 568, 574 (D.S.D. 2010). This Court previously cited *Wood v. City of Crooks*, 559 N.W.2d 558 (S.D. 1997), as support for its belief that all the negligence of the parties should be compared for comparative negligence purposes, but allowed any party who disagreed with the Court's position to provide the Court with supporting arguments and authorities. The Court is not convinced by the Defendants' argument that *Wood* is not controlling. *See Wood v. City of Crooks*, 559 N.W.2d at 560 ("City's argument that Wood's negligence should be compared only with City's negligence, as the sole non-settling defendant, is without merit. It would be patently unfair to deny recovery to a plaintiff 10% at fault against nine defendants each 10% at fault simply because plaintiff's negligence was equal or more than slight in comparison with a single defendant.") Accordingly,

**IT IS ORDERED** that the test at trial in determining whether a plaintiff's negligence is more than slight, is to compare it with the negligence of all defendants.

Dated this 17th day of October, 2014.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Jumma Unhust
(SEAL) DEPUTY