**FILED**

MAR 1 2 2015

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| PHILLIP FINKLE, | \* | CIV 13-4019 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION AND |
| | \* | ORDER DENYING MOTION |
| REGENCY CSP VENTURES LIMITED | \* | FOR COSTS AND FEES |
| PARTNERSHIP; U.S. HOTEL AND | \* | |
| RESORT MANAGEMENT, INC., | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Phillip Finkle (Finkle), moves pursuant to 28 U.S.C. § 1927 and pursuant to the Court's inherent authority to enforce its rulings, for an award of costs and attorney's fees incurred as a result of a mistrial in this case. Defendants resist the motion. For the following reasons, the motion will be denied.

## BACKGROUND

The parties are familiar with the facts of this case and the Court will not repeat them except where necessary. At a hearing held on the morning of trial, the Court addressed a "plethora of motions in limine" filed by the parties. (Doc. 205 at 4.) The first two motions, filed by Finkle, were to exclude from evidence the South Dakota Highway Patrol accident report and accompanying field notes completed by Trooper Barrick, and any opinion or testimony from Trooper Barrick regarding the collision, how it occurred or who was at fault. The Court noted that a *Daubert* hearing should have been requested to determine whether Trooper Barrick was qualified to give expert testimony. The Court ruled that Trooper Barrick's accident report, field notes and opinions about the cause of the accident would be inadmissible at trial. (Doc. 205 at 5-7.) Defendants' counsel requested clarification of the ruling:

Your Honor, just a point of clarification. I think the Trooper is going to testify, and there's pictures of where the skidmarks started and where it ended, and is it okay for him to testify that he measured it and it was X distance? You're just saying the field notes are not going to be coming into evidence?

(Doc. 205 at 7.) The Court explained:

I'm saying field notes and Exhibit 210 [the Accident Report] aren't coming into evidence. Yes, he can put pictures into evidence. It seems to me he could put the length of skidmarks. Of course on cross-examination they can establish where the skidmarks are and where they end. We really don't have it well documented. We do know there are that many skidmarks, and he can put that in. Does that answer your question?

(Doc. 205 at 7.) The Court also ruled that any evidence or testimony that Kathy Funk did not receive a citation as a result of the accident would be inadmissible at trial.

During Finkle's opening statement on that same day, his lawyer discussed Trooper Barrick's investigation at the scene of the accident. At one point Finkle's counsel stated, "You're also going to hear from Trooper Barrick who will testify, when he asked Miss Funk what happened, she didn't mention one vehicle that was stopped in front of her, and that's why she didn't stop." (Doc. 205 at 46.) Later, during Defendants' opening statement, Defendants' counsel said: "The highway patrol officer interviewed both Mr. Finkle and Kathy [Funk]. The trooper completed an Accident Report, and he did not list Kathy on the Accident Report." (*Id.* at 58.) Finkle objected immediately after the statement was made and the Court sustained the objection. (*Id.*) When the opening statement was completed, Finkle's counsel asked to approach the bench. He moved for a mistrial, asserting that mentioning the accident report and saying Kathy Funk's name was not listed on the report violated the Court's pretrial orders. (*Id.* at 59.) After hearing argument on the motion outside the presence of the jury, the Court concluded that the statement violated the Court's order. (*Id.* at 67.) The Court noted that stating Funk's name was not listed in the accident report gave rise to an inference that no citation was given to her. The Court made it clear that Defendants' counsel did not intend to violate the order prohibiting a reference to no citation. (*Id.* at 70, 71, 79.) The mention of the accident report could have been cured with a jury instruction, but the Court was unable to craft an instruction

2

sufficient to cure the inference from the lack of citation, and the Court granted Finkle's motion for a mistrial. (*Id.* at 79-80.) Following the mistrial and prior to the retrial, Finkle filed the pending motion for costs and fees.

## DISCUSSION

Title 28 U.S.C. § 1927 provides that a district court "may" require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to pay "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Eighth Circuit has held that the statute permits sanctions when counsel's conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1011 (quoting *Tenkku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003)). The Court has substantial discretion in determining whether sanctions are appropriate. *See Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001). "The imposition of sanctions is a serious matter and should be approached with circumspection." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). "Because section 1927 is penal in nature, it should be strictly construed so that it does not dampen the legitimate zeal of an attorney in representing his client." *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999) (citation and internal quotation marks omitted).

Guided by these principles, the Court, in its discretion, will not sanction Defendants' counsel under 28 U.S.C. § 1927. Although Defendants' counsel caused the mistrial and thereby multiplied the proceedings, she did not do so vexatiously. The Court had ruled that the accident report, field notes, and evidence of Trooper Barrick's opinions would not be admissible, but that Trooper Barrick would be allowed to testify regarding skidmarks, information that was included in his field notes. Then, during Finkle's opening statement, his lawyer discussed Trooper Barrick's investigation at the scene of the accident, and told the jury that Trooper Barrick would testify regarding what Miss Funk told him about the accident. Finkle's opening statement invited some comments by Defendants' counsel about Trooper Barrick's investigation, and Defendants' counsel believed, albeit unreasonably, that the Court's ruling allowed her to make the statement that caused the mistrial. The Court's

3

evidentiary rulings on numerous issues made during the morning were followed by jury selection and then a one hour break for lunch. Opening statements began almost immediately after the lunch break. It was a face-paced morning during which many evidentiary issues were addressed, and there was not a lot of time between the Court's rulings and opening statements when the reference to the inadmissible evidence was made by Defendants' counsel. The lawyers involved in the trial zealously represented their clients at all times. Even if it was unreasonable for Defendants' counsel to believe the Court's rulings allowed her statement, viewed objectively under the circumstances of this case, counsel's error in referring to the accident report and the lack of citation does not rise to the level of intentional or reckless disregard of her duties to the Court as required for sanctionable conduct under 28 U.S.C. § 1927.

Furthermore, there is no evidence of bad faith and thus the Court will not award fees or costs under its inherent authority to enforce its orders and rulings. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980) (a finding of bad faith would have to precede assessing attorneys' fees as a sanction against a party under the court's inherent powers."); *see also Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006) (award of attorneys' fees permissible under court's inherent power if person sanctioned acted in bad faith). Accordingly,

IT IS ORDERED that Plaintiff's motion for costs and fees, doc. 199, is denied.

Dated this 12th day of March, 2015.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)   DEPUTY

4